MARC S. MAZER (SBN 81163)
WEILL & MAZER
A Professional Corporation
90 New Montgomery Street, Suite 1400
San Francisco, CA  94105
Telephone: (415) 421-0730

Attorneys for Creditors
WILLIAM A. GARDINER, III and
DEBORAH A. GARDINER

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BOWEN DALEY RIDEOUT and NADINE FAY RIDEOUT,<br><br>   Debtors. | ) Case No. 16-22552-A-13J<br>)<br>) CHAPTER 13<br>)<br>) CREDITORS WILLIAM GARDINER<br>) AND DEBORAH GARDINER<br>) OBJECTIONS TO FIRST AMENDED<br>) CHAPTER 13 PLAN DATED JUNE 15,<br>) 2016<br>)<br>) Docket Control No. ET1<br>)<br>) Hearing Date:   August 1, 2016<br>) Hearing Time:   1:30 p.m.<br>) Hon. Michael McManus<br>) Courtroom 28 -- Dept. A<br>) |

William Gardiner and Deborah Gardiner (hereinafter collectively "Creditors"), by and through their attorneys, hereby object to the Chapter 13 submitted for approval by Debtors on the following grounds:

The Chapter 13 was filed in bad faith and the debtor's Chapter 13 plan is not proposed in good faith as required by 11 USC §1325.   Debtors are parties to a dispute which arose from their

failure to disclose material facts pertaining to the sale of their property in Pope Valley, CA and which has been pending for more than 2 years.  In regard to the sale, Debtors represented that all structures on the property were built with proper building permits and all complied with building codes.  Creditors were informed, however, by the Napa County Building department in 2013 and in 2014 that NONE of the structures had building permits and had to comply with current building codes.  Creditors commenced their claim when they filed a petition to compel arbitration pursuant to the written sales agreement in 2014, which was granted by the Napa County Superior Court and ordered to proceed to binding arbitration.  Attached as Exhibit A to the Declaration of Marc Mazer filed herewith is a copy of the statement of claim filed against Debtors in the compelled pending arbitration in which Retired Judge David Garcia presides in JAMS (without its referenced exhibits).[1]  Although Debtors may be disputing this claim as stated in their schedules filed with this Court, they clearly misrepresent the amount in dispute when they claim it is $300,000, when the written claim provided shows that the claim is for compensatory damages exceeding $500,000 and, in addition, seek punitive damages.  It appears that Debtors have misrepresented the amount of this claim in their schedules in order to avoid limits of unsecured debt allowed in this Chapter 13 proceeding.

The property was sold by debtors for more than $1.1 Million and creditors believe that debtors have not adequately accounted for all of the funds received from the sale.  Debtor's schedules show that they have about $1400 in unsecured liquidated debt and a significant amount of secured debt.  Debtor's are merely attempting to obtain a discharge of these Creditor's unsecured debt which amounts to more than $500,000 (not $300,000 as alleged by Debtor) and to improperly seek a more favorable forum to resolve the pending arbitration between them and these creditors.

The debtor's schedules initially failed to disclose significant assets pursuant to the testimony during the First Meeting of Creditors in which debtor disclosed that they had significant

---

[1] The deadline for filing adversary proceeding seeking to establish non-dischargeability of debt and proofs of claim are August 8, 2016 and September 11, 2016, respectively.  These Creditors will be filing a motion for relief from the automatic stay to resolve this claim and also an adversary proceeding to contest the discharge of the claim on the grounds of fraud.

- 2 -

CREDITORS OBJECTIONS TO CHAPTER 13 PLAN

funds in an IRA and had sold real property, both of which were not disclosed in the Debtor's schedules. Although debtors have addressed those issues in new schedules, it is believed that significant assets are still not accounted for and will be disclosed in a formal examination of debtors.

Debtor's Plan does not adequately provide for payment of the creditor's claims if established and, once established, the amount of unsecured debt will exceed the maximum allowed in a Chapter 13 proceeding.

Creditors may have additional objections depending upon further disclosures as provided in a formal examination of the debtors.

Dated: July 18, 2016

        WEILL & MAZER,
        A Professional Corporation

By: _____/s/_____
    MARC S. MAZER
    Attorneys for Creditors
    WILLIAM A. GARDINER, III and
    DEBORAH A. GARDINER